Petitions for Writ of Mandamus Denied and Memorandum Opinion filed
September 13, 2005









Petitions for Writ of Mandamus Denied and Memorandum
Opinion filed September  13, 2005.

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00697-CV

NO. 14-05-00698-CV

____________

 

IN RE STANDARD FRUIT COMPANY,
STANDARD FRUIT AND

STEAMSHIP CO., DOLE FOOD COMPANY, INC. and DOLE FRESH
FRUIT, Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

M E M O R A N D U M   O
P I N I O N

Relators filed two petitions for writ
of mandamus in this court.[1]  See Tex.
Gov=t. Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52.   Relators assert the trial courts abused
their discretion by granting reinstatement of the plaintiffs= claims after the cases were remanded
by federal court.








Mandamus issues only to correct a clear abuse of discretion
or the violation of a duty imposed by law where there is no adequate remedy by
appeal.  Walker v. Packer, 827
S.W.2d 833, 839 (Tex.1992).  Even though
a reviewing court may have decided the issue differently, it cannot disturb the
trial court=s decision unless it is shown to be
arbitrary and unreasonable.  Id.

The real parties in interest in both proceedings are banana
workers from Costa Rica who originally filed suits for damages in Texas courts
in the early 1990s.  One of the
defendants in each case joined an Israeli company, Dead Sea Bromine Company,
Ltd., and removed the cases to federal court, asserting that federal courts had
jurisdiction because the Israeli company acted as an instrumentality of the
State of Israel.  In 1995, the federal
court dismissed the cases on forum non conveniens grounds.  The dismissal order contained a return
jurisdiction clause requiring the real parties to prosecute their actions in
good faith in Costa Rica and obtain a ruling from that country=s highest court that Costa Rican
courts lacked jurisdiction over the claims.

Relators complain that the state court judges in these proceedings
abused their discretion by reinstating the actions in state court without
requiring the real parties to comply with the return jurisdiction clause in the
federal court=s order.  We disagree.

In 2004, after a ruling by the United States Supreme Court in
a related case that Dead Sea Bromine Company, Ltd. is not an instrumentality of
the Israeli government, the federal court dismissed the underlying cases for lack
of subject matter jurisdiction.  The
only jurisdiction the federal court had was to remand the cases to state court,
which it did.  Because the federal court
lacked subject matter jurisdiction, its forum non conveniens order,
including any requirements it imposed, is void. 
Therefore, the state courts could not have abused their discretion by
failing to comply with a void order.








The relief sought in these petitions is based upon the trial
courts= alleged failure to abide by the
conditions contained in a federal court order that (1) did not apply to state
court and (2) were part of a void order. 
Accordingly, we overrule relators= issues and deny the petitions for
writ of mandamus. 

 

PER CURIAM

 

Petition Denied
and Memorandum Opinion filed September 13, 2005.

Panel consists of
Justices Edelman, Seymore and Guzman.











[1]  There are two
underlying actions, cause number 93-CV-0030, in the 212th District Court of
Galveston County and cause number 93-C-2290 in the 23rd District Court in
Brazoria County.  Although the orders
complained of were issued by different courts, the substance of the orders and
the relief sought are the same.